UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARRIE L. BAILEY, o/b/o<br>    D.M., a minor child,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-07-388-JPH<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR FURTHER<br>PROCEEDINGS |

BEFORE THE COURT are cross-Motions for Summary Judgment, noted for hearing without oral argument on August 11, 2008. (Ct. Rec. 17, 19.)  Plaintiff filed a reply brief on August 7, 2008. (Ct. Rec. 21.)  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner").  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.)  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (**Ct. Rec. 17**) and remands the matter to the Commissioner for additional proceedings.  Defendant's Motion for Summary Judgment (Ct. Rec. 19) is **DENIED**.

**JURISDICTION**

The current application for Social Security Income ("SSI") benefits on behalf of a minor child (plaintiff), was protectively filed on January 7, 2003, alleging disability since January 1, 1993, due to Legg-Calve-Perthes disease and attention deficit hyperactivity disorder (ADHD). (Tr. 75-79.)[1] The most recent hearing was held on January 4, 2006, before Administrative Law Judge (ALJ) John R. Crickman, at which time testimony was taken from plaintiff, represented by counsel, plaintiff's older sister, Kristina McDermott, his mother, Carrie Bailey, and medical expert Daniel V. Girzadas, M.D. (Tr. 343-393.) On February 16, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 17-30.) The Appeals Council denied a request for review. (Tr. 6-8.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On December 7, 2007, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) (Ct. Rec. 2, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both plaintiff and

---

[1] After filing an application dated April 4, 1997, plaintiff received benefits for nearly four years, ending in January of 2001, when family resources increased. (Tr. 37-42.) Plaintiff filed another application on January 16, 2003. After hearings, the ALJ issued a decision on May 9, 2005, finding plaintiff disabled at step three because his impairments met the criteria of Listing 101.03. (Tr. 75-79; 235-238.) The Appeals Council remanded the matter on its own motion after finding that the ALJ's decision was not supported by substantial evidence. (Tr. 245-257.) The ALJ conducted another hearing and found plaintiff not disabled. This is the decision plaintiff appeals.

- 2 -

the Commissioner and will only be summarized here.  When plaintiff was four years old, he was diagnosed with Catterall Stage IV Legg-Calve-Perthes disease. (Tr. 39.)  His onset date is January 1, 1993. (Tr. 75-79.)  In September of 1997, he was diagnosed with ADHD. (Tr. 40.)

Plaintiff was 14 years old at the time of the hearing.  (Tr. 344.)  He testified that when he is alone he will stop and rest when activities such as skateboarding tire him, but he does not always stop and rest when other people are around. (Tr. 391.)

Ms. Bailey, plaintiff's mother, testified that since plaintiff's surgery there has been some improvement in his ability to walk and run, and in his activity level, but not to the degree described by the medical expert. (Tr. 379-380.)  It is difficult for plaintiff to bend over and his mobility is not "totally there." (Tr. 380-381.)  Ms. Bailey indicated she has a letter from a doctor (dated after plaintiff's reconstructive surgery in June of 1997) opining that plaintiff should not walk more than two blocks; this letter was required to obtain school bus service and to waive plaintiff's PE requirement. (Tr. 381-382.)  Ms. Bailey was also told not to allow plaintiff to sign up for basketball.  He is not in PE because of Perthes. (Tr. 382-383.)

Kristina McDermott, age 18 and plaintiff's sister, testified that her brother has to take many breaks when skateboarding. (Tr. 371-372.)  Plaintiff becomes "really worn down," comes home and lies in bed for hours afterward, or sits in bed playing video games.  She sees a look of discomfort "a lot of times" when he's doing his activities, "but a lot of times he does not complain." (Tr. 372.)  Plaintiff has to take a lot of rests when walking even

4 to 5 blocks; his limp is observable; and later in the day (or when he does not take his ADHD medication), he becomes upset more easily. (Tr. 373-374.) At these times plaintiff is bouncy, fidgety, tends to "cuss," can't concentrate, and is prone to tantrums. (Tr. 374-375.) Even when plaintiff takes the medication, later in the afternoon he begins to lose patience. It is difficult for him to sit down, talk, and focus. Plaintiff pushes himself very hard. (Tr. 375-376.)

### SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Pursuant to this statutory dictate, the Social Security Administration has enacted a three-step sequential analysis to determine whether a child was eligible for SSI benefits on the basis of a disability. 20 C.F.R. § 416.924(a). First, the ALJ considers whether the child is engaged in "substantial gainful activity." *Id.*, at § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* at § 416.924(c). Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id.* at § 416.924(c)-(d); *Id.* at pt. 404, subpt. P. Pursuant to the

final rules effective January 2, 2001[2], an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas.  20 C.F.R. § 416.926a (a).  An impairment is a "marked limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(20(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

The child's functioning in six domains is assessed, and includes determining the child's ability: (1) to acquire and use information; (2) to attend and complete tasks; (3) to interact and relate with others; (4) to move about and manipulate objects; (5) to care for oneself, and (6) health and physical well-being.  20 C.F.R. § 416.926a(a)-(b)(2001).  In order to demonstrate functional equivalence under the Final Rules, the child must exhibit a marked limitation in two of the domains, or an extreme limitation in one domain.  20 C.F.R. § 416.926a(e)(2)(i).

**STANDARD OF REVIEW**

---

[2] On September 11, 2000, the SSA published the Final Rules implementing the Welfare Reform Act, which became effective January 2, 2001 (the "Final Rules").  Supplemental Security Income; Determining Disability for a Child Under Age 18, 65 Fed. Reg. 54,747 (Sept. 11, 2000) (codified at 20 C.F.R. pts. 404, 416).  The Final Rules apply because plaintiff's current application was protectively filed January 7, 2003, well after the January 2, 2001, effective date.

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.

*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity. (Tr. 20.) At step two, he determined that plaintiff suffers from Legg-Calve Perthes (Perthes) disease and ADHD. (Tr. 20.) The ALJ determined that the evidence of record demonstrated that plaintiff's impairments, although severe, do not meet, medically equal, or functionally equal the criteria of any of the listings impairments. (Tr. 20-21.) With regard to functional equivalence, the ALJ concluded that plaintiff does not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two domains. (Tr. 30.) Accordingly, the ALJ concluded plaintiff was not under a disability within the meaning of the Social Security Act. (Tr. 30.)

## ISSUES

Plaintiff contends that the Commissioner erred as a matter of law. Specifically, he argues that the ALJ erred at step three by

failing to find that his impairments met or medically equaled Listing 101.03, and the presumption of continuing disability applies because no improvement in his condition has been shown. (Ct. Recs. 18 at 6-10 and 21 at 1-2.)  The Commissioner responds that the ALJ's step three analysis is supported by the record, and the notion that a prior favorable determination gives rise to a presumption of continuing disability was abrogated by statutory changes in 1984.  (Ct. Rec. 20 at 4-11.)

The Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

**DISCUSSION**

A. Step three analysis

Plaintiff alleges that the ALJ erred at step three by failing to find that his impairments met or medically equaled Listing 101.03.  The Commissioner responds that the ALJ appropriately analyzed the evidence and, in any event, plaintiff failed to meet his burden of presenting evidence in support of the argument.

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.  20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the

alleged severity of symptoms.  *Bunnell v. Sullivan*, 947 F. 2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons.  *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence.  *See Flaten v. Secretary of Health and Human Services*, 44 F. 3d 1453, 1463 (9th Cir. 1995).  In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful in his adjudication.  *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995)(citing *Magallanes v. Bowen*, 881 F. 2d 747, 753 (9th Cir. 1989)).  Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record.  *Id.*

At the most recent hearing, medical expert Dr. Girzadas initially opined that plaintiff's impairments did not meet or equal Listing 101.03.  (Tr. 359-361.)  After a discussion the ALJ stated:

```
ALJ:   Counsel, what I'm inclined to do is to get
       the latest records --
ATTY:  Right.
ALJ:   -- from Shriner's and supply those to Dr.
       Girzadas and see whether or not that changes
       his opinion at all --
ATTY:  Okay.
ALJ:   -- I mean because I don't want him making a
       decision on the basis of lacking information.
       I mean, we don't know what's in those records
       one way or the other. . .
ME:    I'd be more than willing to reserve my final
```

- 9 -

```
                    decision until I see that.  I'd be more than
                    happy to do that.
          ALJ:      That seems to be the prudent course here.
```

(Tr. 361-362.)  The ALJ advised he would request the records.

(Tr. 388.)

The ALJ's decision discusses the June 7, 2005 record from Shriner's Hospital:

> Outpatient progress notes dated June 7, 2005 from Shriner's Hospital for Children note no significant pain complaints with only occasional ibuprofen use when he is overactive.  He has full flexion, extension, abduction beyonf 40 degrees, 30 degrees internal and 20 degrees external rotation.  A scanogram shows him approximately 1 centimeter short and still very immature on his bone age.  The physician opines that his hip is classified as aspherical concentric hip and he is noted to have minimal Trendelenburg lurch.  However, overall he is reported to be doing well.
> (Ex. B16F).

(Tr. 24.)

The ALJ relies in part on this record as support for finding less than marked limitation in one of the assessed domains, moving about and manipulating objects: "He has minimal Trendelenburg lurch but overall is noted to be doing well."  (Tr. 29, citing Exhibit B16F, at Tr. 278.)  The ALJ also cites and discusses this record in his overall review of the medical history.  (Tr. 24.) As plaintiff correctly points out, there is no evidence in the record that the ALJ forwarded this evidence to Dr. Girzadas.

In his decision, ALJ Crickman states:

> Therefore, it is Dr. Girzadas' opinion the claimant's impairment does not meet or equal the criteria of a listed impairment. . . Furthermore, the child is able to get about without any support and participate in such things as skateboarding demonstrates [sic] a good result and a decent long term result.  Therefore, it is Dr. Girzadas' further opinion the child is not disabled.

(Tr. 25.) At step three the ALJ found plaintiff's impairments did not meet or equal a Listing level impairment:

>No treating or examining physician has mentioned
>findings that meet or are equivalent in severity
>to the criteria of any listed impairment, nor does
>the evidence show medical signs or findings that are
>the same or equivalent to those of any listed impairment,
>specifically sections 101.00, Musculoskeletal System
>disorders and 112.00 Mental disorders.

(Tr. 20-21.)

With respect to plaintiff's argument, the Commissioner states:

>Dr. Girzadas testified that he considered Listing
>101.03 but noted that plaintiff was effectively
>ambulating (Tr. 25, 358-359.) Dr. Girzadas testified
>that Plaintiff's impairments either singly or in
>combination did not meet the criterion of a listing
>impairment. (Tr. 351.)

(Ct. Rec. 20 at 7).

The Commissioner does not discuss the ALJ's hearing comments about obtaining and forwarding the most recent records from Shriner's Hospital to Dr. Girzadas before determining at step three whether a listing has been met or equaled.

Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995). The ALJ's decision purports to rely on Dr. Girzadas' step three finding; however, at the hearing, the ALJ treated Dr. Girzadas' step three opinion as provisional because it was based on incomplete medical information. This is error. When an ALJ indicates the record is insufficient to properly evaluate the evidence, he has a duty to further develop the record (as the ALJ did here) and to provide the information to the expert upon whose opinion he claims to rely. *See e.g. Smolen v. Chater*, 80 F. 3d 1273, 1288 (9th Cir. 1996)(ALJ erred by rejecting a physician's opinions for lack of foundation instead of developing the record so that he could

properly evaluate the opinions); *Lewis v. Apfel*, 236 F. 3d 503, 514 (9th Cir. 2001)(ALJ did not indicate he found the record insufficient to properly evaluate the evidence).

B. Remand

"If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F. 2d 172, 176 (9th Cir. 1990)(*citing Lewin v. Schweiker*, 654 F. 2d 631, 635 (9th Cir. 1981). Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate. *See McAllister v. Sullivan*, 888 F. 2d 599, 603 (9th Cir. 1989).

As noted, the ALJ's decision purported to rely on the expert's step three opinion testimony, even though the ALJ expressed concern at the hearing that the opinion was based on incomplete information.

It is unclear from the record whether plaintiff would be found disabled if the updated medical evidence was properly analyzed, that is, if the medical expert reviewed it and then rendered a step three opinion. The Appeals Council notes that on December 17, 1998, an ALJ concluded that plaintiff's impairment met the requirement of Listing 101.03. (Tr. 242.) In its referral for remand after review, the Appeals Council determined that in the prior (2005) decision, the ALJ erred by finding plaintiff's impairment met or equaled Listing 101.03. (Tr. 242 referring to Tr. 238.) Remand is appropriate because the Commissioner is in a better position than this court to evaluate the evidence. *See McAllister*, 888 F. 2d at 603. The court expresses no opinion as to what the ultimate outcome on remand

will or should be.  The fact-finder is free to give whatever weight to the evidence is deemed appropriate.  *See Sample v. Schweiker*, 694 F. 2d 636, 642 (9th Cir. 1982)("Q)uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary").

Accordingly,

   **IT IS ORDERED**:

   1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 17**) is **GRANTED**; the matter is **REMANDED** to the Commissioner for additional proceedings.

   2. Defendant's Motion for Summary Judgment (**Ct. Rec. 19**) is **DENIED**.

   3. Judgment shall be entered for **PLAINTIFF**.  An application for attorney fees may be filed by separate motion.

   4. The District Court Executive is directed to enter this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** the file.

   **DATED** this 21st day of August, 2008.

                                    s/James P. Hutton
                                   JAMES P. HUTTON
                           UNITED STATES MAGISTRATE JUDGE